IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 17, 2009

Charles R. Fulbruge III
Clerk

No. 08-40144

ROYAL INDEMNITY COMPANY; FIRST COLONY LIFE INSURANCE
COMPANY

Plaintiffs - Appellees

v.

KATHY BATES,

Defendant - Appellee

v.

JAMES T KOONCE; STEPHANIE KOONCE; SANDY DIAZ ALVARADO;
TAMMY STEINBURG; TINA ROBERTSON; DORIS SHIRLEY MEYER;
ZANNA KOONCE RUSSELL

Defendants - Appellants

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:06-CV-112

On Petition for Rehearing

Before JONES, Chief Judge, JOLLY, Circuit Judge, and MONTALVO,[*] District
Judge.

E. GRADY JOLLY, Circuit Judge:[**]

---

[*] District Judge of the Western District of Texas, sitting by designation.

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.

For the reasons that follow, we GRANT the petition for panel rehearing in part and DENY it in part.

As petitioner Kathy Bates ("Bates") correctly asserts, the interpleaded funds did not vest with the heirs of James B. Koonce (James T. Koonce; Stephanie Koonce Mendez; Sandy Diaz Alvarado; Tammy Steinburg; Tina Robertson; and Doris Shirley Meyer, individually and as guardian of minors Christina Koonce, Christopher Koonce, and Alexander Koonce) when James B. Koonce died. The unpaid annuity proceeds instead vested with Mr. Koonce's heirs only as the annuity payments came due. We therefore strike the following sentence from the second full paragraph at page six of the opinion: "If there was no properly designated beneficiary at the time of Koonce's death, the proceeds belong to Koonce's heirs." We replace that text with the following sentence: "Because there was never a properly designated beneficiary, the proceeds belong to Koonce's heirs." To this limited extent, we GRANT in part the petition for panel rehearing.

Bates's other arguments lack merit. The overarching issue is whether Royal Indemnity Co. ("Royal")[1] directed First Colony Life Insurance Co. ("First Colony")[2] to designate Bates as Mr. Koonce's survivor-beneficiary. As Royal and First Colony acknowledged during our oral argument, the record correctly reflects that no such direction ever occurred. In the light of this fact, Royal and First Colony's decision "not to contest" the purported designation of Bates has

R. 47.5.4.

[1] Effective September 2007, Royal Indemnity Co. became known as Arrowood Indemnity Co. We nevertheless will refer to the entity as "Royal."

[2] First Colony's successor in interest, Genworth Life Insurance and Annuity Company, is now party to this action. We nevertheless will refer to "First Colony."

2

no material effect. The decision's timing also is immaterial. So too is whether Royal and First Colony were free to disregard the annuity contract's formalities when deciding "not to contest" the purported designation. The controlling determinant of this case is that Royal never directed First Colony to designate Bates as Mr. Koonce's survivor-beneficiary; and, consequently, First Colony never did. Bates was not designated as beneficiary, and therefore she is not entitled to the annuity's proceeds.

Also, Texas Probate Code § 450 does not apply under the facts of this case: the annuity contract contained no provision that, after Mr. Koonce's death, the annuity's remaining proceeds would be paid to a person whom he designated either in the annuity contract or a separate writing. And finally, our holding in this case does not require actually paying a new beneficiary to effect a change in beneficiary. We DENY in part the petition for panel rehearing.

GRANTED in part and DENIED in part.